McCann and another, Respondents, vs. Doherty, Appellant.

*December 16, 1897 — January 11, 1898.*

*Practice: Issue for jury: Stipulation: Logs and timber: Impeaching scale: Appeal.*

1. In an action to recover a balance alleged to be due on a logging contract which provided for a scale to be made by a scaler to be agreed upon between the parties, a stipulation that the only question to be submitted to the jury should be as to the amount of logs put in under the contract eliminated from the case all other questions which would otherwise have been for the jury,— including the question whether the parties agreed upon a person whose scale was disputed as the scaler under the contract.

2. The evidence in such a case is *held* sufficient to sustain a finding of the jury that the quantity of logs banked under the contract exceeded the scale made at the time they were banked.

3. The objection that the finding of the jury as to the quantity of logs put in under the contract was in excess of the amount claimed in the complaint cannot be raised for the first time in this court.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

October 6, 1892, the plaintiffs and the defendant entered into an agreement in writing wherein and whereby the plaintiffs agreed to cut, log, and bank, in a good and work-manlike manner, on the Brule river, all the pine on the lands described, and the defendant therein agreed to pay them therefor $3.75 per thousand feet, as follows: $3 when delivered on the bank of the river, and the balance June 1, 1893; the settlement to be made as per scale of logs to be made by a scaler agreed upon and paid by both parties equally. This action was commenced May 2, 1893, to recover $1,228.02, and interest from March 20, 1893, as the balance due on the first payment of $3 per thousand for 5,469,660 feet of the logs so delivered on the bank of the river. The answer admitted that 5,062,880 feet had been delivered, but denied that there had been any more delivered, and also pleaded a counterclaim.

June 24, 1893, the plaintiffs commenced a second action to recover the seventy-five cents per thousand feet, which, by the terms of the contract, became due June 1, 1893, amounting to $4,132.93. The pleadings in such second action are substantially the same as in the first, save that the balance claimed to be due by the plaintiffs was the amount stated, and to which the defendant made no claim of payment.

Such issues in the two actions having been joined, and such actions having been consolidated into one action by stipulation of the parties and the order of the court, and after hearing the evidence and the arguments of the attorneys for the respective parties, the parties agreed that the following question, and no other question, should be submitted to the jury, to wit: "What amount of logs did plaintiffs put in under the contract?" To that question the jury answered, "5,510,597 feet."

Thereupon the court found from the uncontradicted evi-

McCann and another vs. Doherty.

·dence: (1) That plaintiffs bark-marked, at defendant's re-·quest, at least 5,000,000 feet of logs, and that the reasonable value of the work of doing such bark-marking was $150, no part of which has been paid to the plaintiffs. (2) That at the commencement of the first action there was due to the defendant from the plaintiffs on account of the matters set up in the counterclaim in the answer in such first action the sum of $413.25; that prior to the commencement of the last action there had become due to the plaintiffs for putting in said logs the sum of $16,531.79, being the first payment under the logging contract which so became due March 20, 1893; and that the defendant paid on such amount before the commencement of this action the sum of $15,351.96. (3) That, after deducting the offsets from the amount due to plaintiffs as aforesaid, there remained due the plaintiffs at the time of the commencement of the first action $916.53, and interest thereon from March 20, 1893, at the rate of six per cent. per annum. (4) That after the commencement of the first action, and before the commencement of the second action, the sum of $4,132.93, and interest thereon from June 1, 1893, became due, as and for the last payment for putting in said logs, no part of which has been paid. (5) That the plaintiffs would be entitled to a lien upon the logs put in by them for the amount due them as aforesaid, as prayed for in the complaint, were it not for the fact that after the commencement of the action the defendant gave bonds and security in place of the lien,— it being intended that resort should be had to the bond, as security, instead of the logs.

As conclusions of law the court found that the work of bark-marking the logs was not included in the work of putting in the logs under the written contract mentioned, and that the plaintiffs are entitled to a credit of $150 for doing that work, which sum is allowed to them in above third finding. Accordingly the court ordered that judgment be entered in favor of the plaintiffs and against the defendant for

McCann and another vs. Doherty.

$916.53, and interest thereon at six per cent. from March 20, 1893, as and for the amount due them over and above all setoffs, and recoverable in the first action mentioned, and for $4,132.95, and interest thereon at six per cent. from June 1, 1893, as and for the amount they are entitled to recover in the second action mentioned; and that judgment also be rendered in the plaintiffs' favor for their costs and disbursements, as the same may be taxed and allowed by the clerk.

From the judgment entered thereon accordingly, the defendant appeals.

For the appellant there was a brief by *Lamoreux, Shea & Wright,* and oral argument by *C. A. Lamoreux* and *W. F. Shea.*

For the respondents there were separate briefs by *O'Keefe & Copeman,* attorneys, and *Gleason & Sleight* and *Edgar Foster,* of counsel, and oral argument by *Richard Sleight, Mr. Foster,* and *M. S. Dudgeon.*

CASSODAY, C. J.   It is undisputed that the plaintiffs commenced the work of cutting and banking the logs under the contract soon after it was made; that Gallagher commenced scaling the logs so cut and banked December 15, 1892, and continued such scaling until February 27, 1893; that during that time he had scaled, according to his count and measurement, 28,578 logs, containing 3,801,330 feet; that the balance of the logs cut and banked by the plaintiffs under the contract were scaled by Wallace Stevens, and they contained 1,261,550 feet,— making in all, with those scaled by Gallagher, according to Gallagher's scale, 5,062,880 feet, being the amount admitted in the answer.   The plaintiffs allege in their complaint that Gallagher, either by mistake or with wilful intent to cheat and defraud the plaintiffs, erroneously scaled such logs, and rendered an account thereof below the true, honest, and just amount thereof, to the extent of eleven per cent. less than the actual and true scale.

It is contended on the part of the plaintiffs that no scaler was agreed upon as prescribed in the contract, but that at the suggestion of the defendant the plaintiffs consented to allow Gallagher to scale on trial, with the understanding that either party was at liberty to object in case of dissatisfaction. After Gallagher had been scaling the logs for two or three weeks, the plaintiffs claim, they became suspicious, and so tested 130 or 140 logs, and compared the same with Gallagher's scale, and found them to be about fourteen per cent. short, and informed the defendant of the fact. A considerable negotiation in respect to getting another scaler followed, until February 21, 1893, when the plaintiffs secured the district scaler to make a test of the accuracy of the scale so made by Gallagher. The test was made by scaling 710 logs taken promiscuously from different rolls, and they were found to contain 21,720 feet more than represented by Gallagher's measurement.

It was contended by counsel on the argument that, even if such shortage existed as to the 710 so rescaled, yet it did not follow that there would be a corresponding shortage on the 27,868 logs which were not rescaled; and some of us were impressed with such argument. But upon careful consideration we are forced to the conclusion that the verdict does not rest wholly upon such test. On the contrary, there was a number of other tests, and there was evidence tending directly to impeach the good faith of Gallagher's scale. The evidence of such tests was admissible. In fact, no objection appears to have been made to its admission. After being banked, the logs passed into the possession of the defendant, so as to render complete remeasurement by the plaintiffs very difficult, if not impossible. By the agreement of the parties, the only question for the jury to determine was as to the amount of logs the plaintiffs put in under the contract. This eliminated from the case all other issues which would otherwise have been determined by the jury,—

McCann and another vs. Doherty.

including the question whether the parties agreed upon Gallagher as the scaler under the contract.

The charge of the court is not in the record. We must assume, therefore, not only that it was without error, but that it covered every phase of the case and every fact which had any bearing upon the amount of logs the plaintiffs put in under the contract. In other words, the party alleging error has the burden of showing error. The court refused to set aside the verdict and substitute for the quantity of logs so found by the jury the quantity admitted in the defendant's answer. The court also refused to set aside the finding of the jury and grant a new trial. Upon the whole record, we cannot say that such ruling was an abuse of discretion, nor that the evidence is insufficient to support the finding of the jury. As the record stands, the plaintiffs are entitled to have the case regarded in the light most favorable for sustaining the finding of the jury.

It is true, such finding is for the amount of 40,937 feet in excess of what is alleged in the complaint; but it was not brought to the attention of the trial court, and no ruling was made upon it, and no exception is taken on that ground. Such an objection cannot be properly raised in this court for the first time.

The court properly held the defendant liable for the bark-marking.

*By the Court.*— The judgment of the circuit court is affirmed.

MARSHALL, J., took no part.